[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 15, 1993, the court held a hearing as to whether the court should enter judgment on the report of the Attorney Trial Referee ("ATR") who heard this matter. At this CT Page 2837 hearing counsel for the plaintiff contended that he had filed objections to the ATR report. However, plaintiff's attorney did not have a copy of his objections present with him in court. Counsel for the defendant George Watthews stated that he had not at any time received a copy of the plaintiff's objections. There was no copy of the objections in the court file. Both counsel nevertheless proceeded with argument.
Plaintiff's counsel agreed to "FAX" the court a copy of his objections later in the day on February 15 and he did so. He also mailed the court a copy of the same objections.
The plaintiff's objections are dated January 27, 1994. The copies provided to the court by plaintiff's counsel do not show any stamp indicating the date of filing with the clerk. The court file still does not contain either a copy or an original version of the plaintiff's objections. The date shown on plaintiff's objections, January 27, 1994, is more than two weeks after the filing of the ATR's decision on plaintiff's motion to correct.
The court finds that no objections to the ATR's report were ever filed with the court and accordingly, judgment is entered for the defendants as recommended in the ATR report. If the plaintiff did file objections to the ATR's report, the objections could not have been filed on or before January 24, 1994, the required filing date, which is two weeks after the filing of the ATR's decision on the motion to correct. Practice Book 441. The copy of the objections provided by plaintiff's counsel bears the date of January 27, 1994, three days after the date when objections were required to be filed.
CHRISTINE S. VERTEFEUILLE, JUDGE